**CLD-217**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-1433
_____

MATTHEW JONES,
                                                                Appellant

v.

DELAWARE STATE POLICE
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 18-cv-01381)
District Judge:  Honorable Richard G. Andrews
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 20, 2019

Before:  CHAGARES, RESTREPO, and SCIRICA, Circuit Judges

(Opinion filed:  October 16, 2019)
_____

OPINION*
_____

PER CURIAM

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Matthew Jones, proceeding pro se, appeals from the District Court's order dismissing his complaint. We will summarily affirm the dismissal for the reasons set forth by the District Court.

The District Court granted Jones leave to proceed in forma pauperis in order to prosecute his complaint against the Delaware State Police ("State Police"). Jones asserted federal question jurisdiction based on defendants' alleged violations. He also alleged the existence of a federal defendant. From a review of the complaint, however, it is apparent that no federal defendant was actually named. Jones sought ten billion dollars in damages for injuries he allegedly suffered at the hands of the State Police from 2010 through 2018.

In particular, Jones alleged that officers from Troop 7 State Police stopped him on numerous occasions without cause, required him to submit to breathalyzer and blood tests or be charged with a DUI, had his vehicle towed and, on one occasion, followed him for over twenty miles. He further claimed that a State Police officer persuaded a female to pursue a baseless sex offender allegation against him. Jones stated that while he was charged and arrested, the case was eventually nolle prossed, but not before he expended substantial funds on an attorney. Finally, Jones alleged that he was raped by Troop 7 State Police at different times during his childhood.

After screening the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the District Court determined that defendant Delaware State Police was immune from suit under the

2

Eleventh Amendment.  Accordingly, in a Memorandum Opinion and Order entered on February 12, 2019, the District Court dismissed the complaint based upon defendant's immunity pursuant to § 1915(e)(2)(B)(iii).  See Mem. Op. at 4.  Since it appeared plausible that Jones might be able to articulate a claim against alternative defendants, the District Court dismissed the complaint without prejudice and afforded Jones twenty-one days to file an amended complaint.  Rather than submit an amended pleading, Jones filed a notice of appeal to this Court.

We have jurisdiction under 28 U.S.C. § 1291, and conclude that the District Court did not err in dismissing Jones' complaint.[1]  The Supreme Court has long recognized that the Eleventh Amendment protects states and their agencies from suit in federal court regardless of the type of relief sought.  See Pennhurst State Sch. & Hosp. v. Halderman,

---

[1] "Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam).  The order will be final and appealable, however, if the plaintiff "declares his intention to stand on his complaint." Id. at 951–52.  Although there is no "clear rule for determining when a party has elected to stand on his or her complaint," Hagan v. Rogers, 570 F.3d 146, 151 (3d Cir. 2009), this Court has exercised jurisdiction when the plaintiff failed to amend within the time provided by the District Court.  See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992) (concluding that, because plaintiff did not move to amend within the time allotted by the district court, plaintiff "elected to stand on his complaint").  Here, Jones did not file an amended complaint within the three-week period provided by the District Court.  Instead, Jones filed his notice of appeal.  Thus, pursuant to Batoff, the District Court's February 12th order "became final after [21] days," and "by failing to move to amend within the [21] days granted by the court, [he] elected to stand on his complaint." Id.  The District Court has made the same determination and recently entered an order directing that the action be closed.

3

465 U.S. 89, 100 (1984). As the District Court correctly noted, and despite Jones' protestations to the contrary, "[a]bsent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant . . . ." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981) (citing Alabama v. Pugh, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court and Congress has not abrogated its sovereign immunity. See Quern v. Jordan, 440 U.S. 332, 345 (1979). The District Court thus appropriately dismissed the complaint.

Accordingly, because this appeal presents no substantial issue, we will summarily affirm the District Court's order of dismissal. See Third Circuit LAR 27.4 and I.O.P. 10.6.[2]

---

[2] Because we summarily affirm the District Court's order of dismissal, we deny Jones' motion to remand this matter to require the District Court to "accept pre-filing depositions" from proposed deponents Dr. Luis David, Google Inc., and IBM Corporation. Insofar as Jones may be seeking to have this Court order the District Court to accept his petitions requesting pre-filing depositions from these proposed deponents pursuant to Fed. R. Civ. P. 27(a), he must file an original proceeding in this Court in the form of a petition for writ of mandamus pursuant to 28 U.S.C. § 1651.